PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 17-1039

———————————

MARIO ALBERTO LOPEZ GARZA,
The Executor of the estate of Hans Jorg Schneider Sauter

v.

CITIGROUP INC,
                                        Appellant

———————————

On Appeal from the United States District Court
for the District of Delaware
(Civil Action No. 1-15-cv-00537)
District Judge: Honorable Sue L. Robinson

———————————

Argued September 27, 2017

Before:  AMBRO, KRAUSE, *Circuit Judges*,
and CONTI, * *Chief District Judge*

———————————

        *  Honorable Joy Flowers Conti, Chief Judge of the
United States District Court for the Western District of
Pennsylvania, sitting by designation.

(Opinion filed: February 2, 2018)

Amy L. Barton, Esquire
Bruce A. Birenboim, Esquire          (Argued)
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY  10019

Stephen P. Lamb, Esquire
Paul Weiss Rifkind Wharton & Garrison
500 Delaware Avenue, Suite 200
Wilmington, DE  19899

          Counsel for Appellant

Susan L. Burke, Esquire     (Argued)
1611 Park Avenue
Baltimore, MD  21217

Thomas G. Macauley, Esquire
300 Delaware Avenue, Suite 760
Wilmington, DE  19801

          Counsel for Appellee

_____

OPINION  OF  THE  COURT
_____

CONTI, *Chief District Judge*

Under Federal Rule of Civil Procedure 41(d), a district court may order a plaintiff who voluntarily dismisses an action

2

and files a second action against the same defendant based upon a claim asserted in the first action to pay the "costs" incurred by the defendant in the first action. The issue presented (one of first impression in this Court) is whether a district court may award attorneys' fees as "costs" under Rule 41(d). We conclude that attorneys' fees may only be awarded as "costs" under Rule 41(d) when the substantive statute under which the lawsuit was filed defines costs to include attorneys' fees. Because no such statute is involved here, and no other basis upon which attorneys' fees may be awarded was properly raised with the United States District Court for the District of Delaware,[1] we will affirm the decision of the District Court denying the request for attorneys' fees.

## I.    FACTUAL AND PROCEDURAL HISTORY

### A. The lawsuit filed in the Southern District of New York

On July 29, 2014, the estate of Mexican national Hans Jorg Schneider Sauter (the "Estate") filed a complaint in the United States District Court for the Southern District of New York[2] against Citigroup Inc. ("Citigroup"), El Banco Nacional De Mexico S.A. ("Banamex") and Banamex U.S.A. The

---

[1]     We will refer to the United States District Court for the District of Delaware, which is the court from which this appeal arises, as the "District Court."

[2]     We will refer to the United States District Court for the Southern District of New York as the "New York District Court."

3

complaint contained various claims,[3] and the Estate requested, among other things, the following relief: "That the Court order Citibank, Banamex, and Banamex USA to turn over information pertaining to all accounts of Hans Jorg Schneider Sauter immediately…." (S.D.N.Y. Civ. Action No. 14-5812 (ECF No. 1 at 13).)

The Estate filed an amended complaint that added Grupo Financiero Banamex, S.A. De C.V. ("Grupo Financiero") as a defendant and added a claim for "Racketeer Influenced and Corrupt Organizations Act ('RICO') Infractions, 18 U.S.C. §§ 1961-1968." (S.D.N.Y. Civ. Action No. 14-5812 (ECF No. 13 at 1, 21).) Citigroup, Banamex, Banamex U.S.A., and Grupo Financiero filed a motion to dismiss the amended complaint. The Estate did not respond to that motion; rather, on November 10, 2014, it filed a motion to amend/correct the amended complaint.

The New York District Court held a hearing, denied the Estate's motion to amend/correct the amended complaint, and ordered the Estate to advise whether it intended to withdraw any of the claims in the amended complaint. On December 12, 2014, the Estate filed a notice of voluntary withdrawal pursuant to Rule 41(a)(1)(A)(i).

---

[3]  The original complaint filed in the Southern District of New York contained the following claims for relief: (1) "Fraudulent Conversion in Defiance of Court Orders That Justifies Piercing the Corporate Veil against Citigroup and Other Defendants[;]" (2) "Alien Tort Claims Act, 28 U.S.C. § 1350[;]" (3) "The Expedited Funds Availability Act, 12 U.S.C. §§ 4001-4010[;]" and (4) "New York State Law for Enforcement of Money Judgments, N.Y. CLS CPLR § 5201[.]" (S.D.N.Y. Civ. Action No. 14-5812 (ECF No. 1 at 10, 12, 13).)

The Estate's current counsel entered her appearance on behalf of the Estate in substitution for its former counsel. Citigroup, Banamex, Banamex U.S.A., and Grupo Financiero filed a motion to vacate the notice of voluntary dismissal and to dismiss the case with prejudice. They also requested sanctions against the Estate pursuant to: (1) 28 U.S.C. § 1927, which allows a court to tax excess costs to an attorney who "multiplies the proceedings in any case unreasonably and vexatiously[,]" 28 U.S.C. § 1927; and (ii) the court's "inherent powers to impose sanctions as a deterrent against continued vexatious litigation[,]" (S.D.N.Y. Civ. Action No. 14-5812 (ECF No. 63 at 2)). The Estate filed a declaration from its former counsel in which he averred that he represented the Estate because he was asked to do so by a "long-time friend[,]" and that litigation "had not been a major focus of…[his] practice." (S.D.N.Y. Civ. Action No. 14-5812 (ECF No. 72 ¶¶ 1, 2).)

The motion to vacate was denied and the notice of voluntary dismissal was held to be valid. The request for sanctions was denied because the Estate's conduct did "not rise to the level of bad faith." Estate of Sauter v. Citigroup, Inc., No. 14 Civ. 05812, 2015 WL 3429112, at *4 (S.D.N.Y. May 27, 2015). The New York District Court explained:

> [T]he Federal Rules of Civil Procedure provide safeguards for Defendants if Plaintiff does commence a second action, including by barring Plaintiff from voluntarily dismissing the case without prejudice a second time and by permitting the court in the subsequent action to order Plaintiff to pay all of Defendants' costs and fees in this dismissed action. Fed. R. Civ. P. 41(a)(1)(B), (d).

Id. at *5.

5

## B. The Lawsuit Filed in the District of Delaware

On June 25, 2015, the Estate filed a complaint in the District Court. The Estate named only Citigroup in the complaint and asserted a state-law demand for "an accounting of any and all funds deposited and withdrawn from bank accounts of a now-deceased man named Hans Jorg Schneider Sauter." (D. Del. Civ. Action No. 15-537 (ECF No. 1 ¶ 1).)

Citigroup filed a motion for costs and a stay pursuant to Rule 41(d). Citigroup asserted it was entitled to the costs, including attorneys' fees, it incurred in defending the lawsuit filed in the Southern District of New York because the Estate voluntarily dismissed that action and then filed a complaint asserting a similar, if not identical, claim for relief in the District of Delaware.

The District Court granted the motion for costs and a stay, but concluded that because the plain language of Rule 41(d) does not provide for an award of attorneys' fees, Citigroup could not be awarded attorneys' fees as costs under the rule. It granted a stay of the proceedings pending the Estate paying the costs to Citigroup. The District Court later lifted the stay and the litigation continued.

Citigroup filed a motion for judgment on the pleadings. The District Court granted that motion and denied the Estate leave to amend. The Estate filed a motion for reconsideration, which was denied. The Estate appealed those orders, which we will affirm in an opinion and judgment issued separately from this opinion.

6

Citigroup timely cross-appealed the denial of its request for attorneys' fees as "costs" under Rule 41(d). That appeal is the subject of this Opinion.

## II.  JURISDICTION AND STANDARD OF REVIEW

The District Court's diversity jurisdiction originated under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's interpretation of the Federal Rules of Civil Procedure, which is a legal issue, de novo. EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 264 (3d Cir. 2010).

## III.  DISCUSSION

### A. Whether costs awarded under Rule 41(d) may include attorneys' fees

Under Federal Rule of Civil Procedure 41(d), when a plaintiff has voluntarily dismissed a case, and later files a case with the same claim against the same defendant, the district court in the later action may order the plaintiff to pay of the "costs" of the voluntarily dismissed case.[4] Neither the rule nor

---

[4] The rule provides**:**

**Rule 41. Dismissal of Action**

…

**(d) Costs of a Previously Dismissed Action**. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

the Advisory Committee Notes define the term "costs." Citigroup appeals the decision of the District Court declining to award it attorneys' fees as costs under Rule 41(d). Our sister Courts of Appeals that have analyzed whether attorneys' fees may be awarded as costs under Rule 41(d) have arrived at three different conclusions about how the rule should be interpreted: (1) attorneys' fees may always be awarded as costs under Rule 41(d), Evans v. Safeway Stores, Inc., 623 F.2d 121, 122 (8th Cir. 1980) (per curiam) (the "Always Awardable Interpretation"); (2) attorneys' fees may never be awarded as costs under Rule 41(d), Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 874 (6th Cir. 2000) (the "Never Awardable Interpretation"); and (3) attorneys' fees may be awarded as costs under Rule 41(d) only where the underlying substantive statute defines "costs" to include attorneys' fees, Andrews v. Am.'s Living Ctrs., LLC, 827 F.3d 306, 310 (4th Cir. 2016) (quoting Esposito v. Piatrowski, 223 F.3d 497, 501 (7th Cir. 2000)) (the "Underlying Substantive Statute Interpretation"). We will examine each interpretation to determine which will be adopted by our Court.

## 1. The Always Awardable Interpretation

Citigroup advocates that attorneys' fees may always be awarded as costs under Rule 41(d) and cites the decision of the Eight Circuit Court of Appeals in Evans to support its position. The interpretation of Rule 41(d) in Evans, however, runs afoul

---

**(1)** may order the plaintiff to pay all or part of the costs of that previous action; and

**(2)** may stay the proceedings until the plaintiff has complied.

FED. R. CIV. P. 41(d).

of the "'bedrock principle known as the American Rule…[that] [e]ach litigant pays its own attorneys' fees[.]'" <u>Baker Botts L.L.P. v. ASARCO LLC</u>, 135 S.Ct. 2158, 2164 (2015) (quoting <u>Hardt v. Reliance Standard Life Ins. Co.</u>, 560 U.S. 242, 252-53 (2010)). Before a court can shift a party's legal fees to another party, it must find a reason to depart from this bedrock rule. <u>Id.</u> (citing <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.</u>, 532 U.S. 598, 602 (2001)). The plain text of Rule 41(d) does not define "costs" to include attorneys' fees and the Advisory Committee Notes are silent with respect to the issue. The court in <u>Evans</u> did not point to any express authorization by Congress to provide for an award of attorneys' fees under Rule 41(d) or otherwise explain its decision to affirm the district court's award of attorneys' fees under the rule.

Citigroup relies upon the purpose of Rule 41(d) to convince us to provide an exception to the American Rule in this case. The purpose of awarding costs to a defendant in the circumstances described by Rule 41 is "to deter forum shopping and vexatious litigation." <u>Esposito</u>, 223 F.3d at 501 (citing <u>Simone v. First Bank Nat'l Ass'n</u>, 971 F.2d 103, 108 (8th Cir. 1992)); <u>see</u> <u>Andrews</u>, 827 F.3d at 309. The rule prevents a plaintiff from "'gain[ing] any tactical advantage by dismissing and refiling'" the lawsuit. <u>Rogers</u>, 230 F.3d at 874 (quoting <u>Sewell v. Wal-Mart Stores, Inc.</u>, 137 F.R.D. 28, 29 (D. Kan. 1991)). Citigroup argues that Rule 41(d) "costs" should include attorneys' fees in all cases, without regard to the underlying substantive statute, because otherwise the deterrent effect of the rule would be thwarted. In other words, a plaintiff should never be off the hook for the bulk of the expenses incurred by a defendant. The Supreme Court, however, explained in <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240, 247 (1975), that courts are not permitted to engage in this policymaking exercise. It rejected a similar attempt to craft judicially an exception to the

American Rule based upon public policy because only Congress "has the power and judgment to pick and choose among statutes and to allow attorneys' fees under some, but not others." Id. at 263–64, 269.

Nothing in the text of Rule 41(d) can be construed as an express authorization for a district court to award attorneys' fees. We lack the authority "to jettison the traditional rule against nonstatutory allowances to the prevailing party and to award attorneys' fees whenever the courts deem the public policy furthered by a particular statute important enough to warrant the award." Alyeska, 421 U.S. at 263. We are not persuaded that Citigroup's policy arguments give us the authority to hold that attorneys' fees are always awardable as costs under Rule 41(d). Thus, we must reject an interpretation of Rule 41(d) that permits attorneys' fees to always be awardable as costs under the rule.

### 2. The Never Awardable Interpretation

The District Court relied upon the interpretation of Rule 41(d) by the Sixth Circuit Court of Appeals in Rogers to conclude that Citigroup was not entitled to attorneys' fees as costs in this case because the plain text of Rule 41(d) does not provide for an award of costs. We decline to follow this interpretation of the rule because the Supreme Court of the United States has recognized that "costs" is an ambiguous term subject to "varying definitions." Marek v. Chesny, 473 U.S. 1, 8 (1985). The drafters of Rule 41 chose to leave the term "costs" undefined in both the rule and the Advisory Committee Notes, making no reference to attorneys' fees. While we will affirm the decision of the District Court to deny Citigroup's request for attorneys' fees, the analysis undertaken by the District Court was incomplete. An analysis beyond the plain language of Rule 41(d) is required to determine whether Congress intended for "costs" to include attorneys' fees under the rule.

10

### 3. The Underlying Substantive Statute Interpretation

We find most persuasive the interpretation of Rule 41(d) set forth by the Seventh Circuit Court of Appeals in Esposito and followed by the Fourth Circuit Court of Appeals in Andrews. Those courts relied upon Marek to conclude that "attorneys' fees are not generally awardable under Rule 41(d) 'unless the substantive statute which formed the basis of the original suit allows for the recovery of such fees as costs (or unless such fees are specifically ordered by the court).'" Andrews, 827 F.3d at 310 (quoting Esposito, 223 F.3d at 501). In Marek, the Supreme Court addressed whether attorneys' fees are awardable under Federal Rule of Civil Procedure 68, which allows for the imposition of "costs" when a plaintiff rejects a settlement offer that turns out to be greater than the ultimate judgment at trial. Marek, 473 U.S. at 4, 8; FED. R. CIV. P. 68. As with Rule 41(d), the drafters of Rule 68 neither defined the term "costs" nor explained its intended meaning, and made no reference to attorneys' fees. Marek, 473 U.S. at 8-9. After examining the plain text of Rule 68, the Court concluded legal fees may be awarded under Rule 68, but only where expressly authorized by some applicable statute or other authority. Id. at 9. This holding recognized the continued vitality of the American Rule and reaffirmed that there must be statutory authority or other authority to award attorneys' fees.

Marek built upon the Court's decision in Alyeska by applying the analysis in Alyeska to the question whether the unadorned term "costs" in a Federal Rule of Civil Procedure should be interpreted to include attorneys' fees. The Court in Marek explained that the drafters of the Federal Rules of Civil Procedure were well aware of the American Rule, the ways in which Congress had long been making statutory exceptions to it, and the varied formulations by which it was done. Id. Congress well knew how to explicitly define "costs" to include

11

attorneys' fees, as it had done with other statutes. Id. at 8–9. Thus, when the drafters left the word "costs" in the Rule 68 undefined, it was "very unlikely that the omission was mere oversight." Id. at 9. The intention was to maintain that rule's generality and allow Congress to tailor the manner in which the rule would apply to various cases through "specific and explicit provisions for the allowance of attorneys' fees." Alyeska, 421 U.S. at 260.[5] In this way, the drafters left Congress free to "pick and choose among its statutes and to allow attorneys' fees under some, but not others." Id. at 263.

Marek, in addition to reaffirming the American Rule, provides a consistent rationale for why the drafters of Rule 41(d) chose to leave "costs" undefined. Citigroup's argument that attorneys' fees should be included within "costs," and thus recoverable under the rule in every case is out of step with the policy of allowing the legislature to fine tune the claims for which attorneys' fees may be recovered. Contrary to Citigroup's position, the drafters of Rule 41(d) left the definition of costs open-ended in the rule and only by statutory authority can it be expanded to include attorneys' fees. Just as the Supreme Court explained in the Rule 68 context, we conclude that "the most reasonable inference" is that the term "costs" in Rule 41(d) "was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." Marek, 473 U.S. at 9.[6] We therefore adopt

---

[5] By 1985, Congress had enacted over 100 attorneys' fees statutes, in many variations. Appendix to Opinion of Brennan, J. (Dissenting), Marek, 473 U.S. at 43–50.

[6] There is a need to examine closely the underlying statutory authority to assess the standards under which attorneys' fees can be awarded. For example, there is the traditional asymmetry between prevailing plaintiffs and

12

the Underlying Substantive Statute Interpretation of Rule 41(d) and hold that "costs" in Rule 41(d) includes attorneys' fees only "where the underlying statute defines 'costs' to include attorneys' fees." Id. Because in this case there is no applicable underlying substantive statute that defines "costs" as including attorneys' fees, the District Court's Order denying the award of those fees will be affirmed.

### B. Whether Citigroup waived its right for us to consider whether it is entitled to attorneys' fees under the bad faith exception to the American Rule

The unavailability of attorneys' fees under Rule 41(d) does not leave a defendant in the position of Citigroup without a remedy. District courts have "inherent power" to award attorneys' fees in certain situations, including "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons….'" Alyeska, 421 U.S. at 258–59 (quoting F. D. Rich Co. v. United States ex rel. Indus. Lumber Co., Inc., 417 U.S. 116, 129 (1974)). A district court under 28 U.S.C. § 1927 also may order an

---

prevailing defendants in § 1983 actions. Esposito, 223 F.3d at 501. That is, while under § 1988, prevailing plaintiffs in § 1983 actions "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968) (per curiam), prevailing defendants are only entitled to attorneys' fees where the plaintiff's claim was "frivolous, unreasonable, or groundless," Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). Thus, a defendant in a § 1983 action would need to show that the plaintiff's prior action was "frivolous, unreasonable, or groundless" in order to recover attorneys' fees under Rule 41(d).

13

attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" to pay a party's attorneys' fees. 28 U.S.C. § 1927.

In the District Court, however, Citigroup moved for costs and attorneys' fees only pursuant to Rule 41(d), and not on the basis of bad faith. While during oral argument Citigroup represented that it also sought costs and fees in the District Court on the basis of bad faith, Tr. of Oral Arg. 31:16–32:4, a review of Citigroup's submissions to that Court with respect to its motion for costs and a stay shows that it did not raise that argument.

To preserve a matter for appellate review, a party "must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits." Shell Petroleum, Inc. v. United States, 182 F.3d 212, 218 (3d Cir. 1999). "It is well established that arguments not raised before the District Court are waived on appeal." DIRECTV, Inc. v. Seijas, 508 F.3d 123, 125 n.1 (3d Cir. 2007); John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived"). A review of the record in this case shows that Citigroup did not request attorneys' fees from the District Court based upon the District Court's inherent authority, § 1927, or any other exception to the American Rule. In other words, the only issue before the District Court that Citigroup properly preserved for appeal to this Court was whether Citigroup was entitled to attorneys' fees as "costs" under Rule 41(d).

Even had it preserved the issue in the District Court, Citigroup argued for the first time in its reply brief that we should remand so the District Court can decide whether the Estate's decision to refile amounted to bad faith. Raising an issue in a reply brief is too late, for "[a]s a general matter, an

14

appellant waives an argument in support of reversal if it is not raised in the opening brief." In re: Asbestos Prod. Liab. Litig. (No. VI), 873 F.3d 232, 237 (3d Cir. 2017) (citing McCray v. Fidelity Nat'l Ins. Co., 682 F.3d 229, 241 (3d Cir. 2012)). "[W]here an issue is raised for the first time in a reply brief, we deem it insufficiently preserved for review before this court." Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (citing Lunderstadt v. Colafella, 885 F.2d 66, 78 (3d Cir. 1989)).

## IV.    CONCLUSION

Rule 41(d) does not provide a basis for ordering the Estate to pay Citigroup's attorneys' fees incurred in connection with the litigation in the Southern District of New York. It only permits a district court to award attorneys' fees as costs when the underlying statute defines costs to include attorneys' fees, and the underlying statute here did not do so. Citigroup also did not properly raise any applicable exception to the American Rule by which the District Court could order the Estate to pay its attorneys' fees. Thus, the Order of the District Court denying Citigroup's request for those fees will be affirmed.

15