**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3404
_____

JEAN COULTER,
　　　　　　　　　Appellant

v.

BLAZE TATANANNI; JEAN TATANANNI;
MORGAN STANLEY; RICHARD E. DIETRICK;
MICHAEL WILLSON; THOMAS RUSS;
UNKNOWN EMPLOYEE OF
MORGAN STANLEY,
in Pittsburgh (known only as "LISA").
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-17-cv-00629)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 1, 2018

Before: BIBAS, NYGAARD, and FISHER, Circuit Judges

(Filed: June 12, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

The Chief Judge of the Southern District of New York transferred to the Western District of Pennsylvania ("the District Court") a pro se complaint filed by Jean Coulter in which she claimed that employees of Morgan Stanley mismanaged her checking and investment accounts and then engaged in an information-withholding conspiracy. Coulter predicated federal subject matter jurisdiction on both 28 U.S.C. §§ 1331[1] and 1332(a)(1).[2]

A Magistrate Judge sua sponte ordered Coulter to show cause why her case should not be dismissed for lack of subject matter jurisdiction. Instead of attempting to satisfy the show cause order, however, Coulter requested recusal of the Magistrate Judge. The Magistrate Judge refused to recuse, and concurrently recommended that the case be dismissed. The District Court agreed with that recommendation, over Coulter's objections, and it dismissed the case "with prejudice, for want of subject matter jurisdiction." The District Court later denied Coulter's "motion to amend the findings pursuant to [Fed. R. Civ. P. 52 & 59] and motion for recusal." This appeal followed.[3]

We have jurisdiction under 28 U.S.C. § 1291. Federal Rule of Civil Procedure 12(h)(3) permits a federal court to raise "at any time" the question of subject matter

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[2] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

[3] Coulter failed to brief, and thus waived on appeal, any challenge to the denial of post-judgment relief. See Garza v. Citigroup Inc., 881 F.3d 277, 284 (3d Cir. 2018).

2

jurisdiction, and requires dismissal if the court determines that it lacks subject matter jurisdiction. Our review of a dismissal under Rule 12(h)(3) is plenary, see SEC v. Infinity Grp. Co., 212 F.3d 180, n.6 (3d Cir. 2000), and we may thus affirm on any record-supported grounds. See MacDonald v. CashCall, Inc., 883 F.3d 220, 225 (3d Cir. 2018). By contrast, we review for abuse of discretion the denial of a recusal motion. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

Coulter squandered multiple opportunities to set forth a viable basis for the District Court to exercise subject matter jurisdiction. As a result, the District Court did not err in dismissing the case.

The District Court correctly concluded that Coulter advanced no bona fide federal cause of action, for purposes of securing jurisdiction under 28 U.S.C. § 1331. Although Coulter repeatedly invoked 42 U.S.C. § 1983, that law applies only to state actors, see Morrow v. Balaski, 719 F.3d 160, 165-66 (3d Cir. 2013), and none were named as defendants.[4] "[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous." Davis v. Wells Fargo, 824 F.3d 333, 350 (3d Cir. 2016) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)); see also Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1189 (2d Cir. 1996). Insofar as Coulter attempted to assert

---

[4] The District Court had communicated that principle of civil rights law to Coulter on multiple prior occasions, as noted in the Magistrate Judge's report.

a federal cause of action under § 1983, this is a case where the nature of the pleading defect is, under <u>Bell v. Hood</u>, jurisdictional rather than merits-related.

The District Court also correctly concluded that Coulter failed to establish diversity of citizenship, for purposes of securing jurisdiction under 28 U.S.C. § 1332(a), though we reach that same conclusion by an alternate path. Coulter did not allege in her complaint her state of citizenship.[5] And the cover sheet for the complaint cryptically claimed both that she resided at some unspecified address in Camden County, New Jersey and that she was "temporarily living at an [unspecified] address in Sterling, Virginia."[6] In addition, Coulter declined to directly respond to the aspect of the Magistrate Judge's show cause order related to diversity jurisdiction, and her objections

---

[5] Instead, she alleged as follows:

"A.) Pro Se Plaintiff, JEAN COULTER, is a Resident of New Jersey, with contact address:
Jean Coulter
P.O. Box 8094
Philadelphia, Pennsylvania 19101-8084
412-616-9505 (Google Voice)"

As matter of jurisdictional pleading, that allegation is defective because it does not state that Coulter is a "citizen" of New Jersey (or of any state). <u>Cf.</u> <u>Lincoln Ben. Life Co. v. AEI Life, LLC</u>, 800 F.3d 99, 106 (3d Cir. 2015) (noting that the since-abrogated Form 7 in the Appendix to the Federal Rules of Civil Procedure provided samples of jurisdictional pleading that permitted a plaintiff to "simply allege that a party is a 'citizen of [a certain state].'"). Also, there are no details from which to piece together Coulter's domicile and thus her state of citizenship; an assertion of 'residence' alone is insufficient. <u>See</u> <u>McCann v. Newman Irrevocable Tr.</u>, 458 F.3d 281, 286 (3d Cir. 2006); <u>cf.</u> <u>Texas v. Florida</u>, 306 U.S. 398, 424 (1939) ("Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile.").

[6] Perhaps for that reason Coulter concedes on appeal that the "Magistrate Judge was not acting inappropriately to *sua sponte* question [her] domicile . . .."

4

to the Magistrate Judge's report similarly failed to provide sufficient facts to establish citizenship in any state.[7] We thus conclude as a matter of law that Coulter did not attempt to meet her burden of production after questions concerning putative diversity jurisdiction were raised by the Magistrate Judge. See Washington v. Hovensa LLC, 652 F.3d 340, 341, 345 (3d Cir. 2011).

Furthermore, it was not an abuse of discretion for the Magistrate Judge and the District Court to deny Coulter's requests for recusal, the premise for each—a litany of acts of bias, criminality, and ethical breach—being plainly unfounded. Insofar as Coulter continues to be dissatisfied with adverse rulings by the District Court in this and other cases, we remind her that such dissatisfaction "is not a proper basis for recusal." Coulter v. Coulter, 715 F. App'x 158, 161 (3d Cir. 2017).

Coulter's "motion for change of venue" is denied. Her various April 2, 2018 motions for recusal of judges on this Court are denied as unnecessary, as none of those judges participated in the disposition of this appeal. Cf. In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003) (following "the principle that '[d]iscretion is confided in the district judge in the first instance to determine whether to disqualify himself . . . [because

---

[7] In those objections, Coulter presented herself as a rolling stone, refusing to provide a home address as she was "again considering re-locating," while pontificating that she was (1) "find[ing] herself often in the area of Washington, D.C.," (2) being "pull[ed]" by her "connections" to the "Northern part of New Jersey," and (3) not discounting possible citizenship in Illinois. On appeal, the only address Coulter provides is that of a private mailbox in Butler, Pennsylvania. Generally speaking, Coulter is free to roam about as she pleases and to keep her whereabouts private. But insofar as she seeks entry into federal court on the basis of diversity jurisdiction, Coulter must in each case allege and ultimately establish, inter alia, her "physical presence in a state with an intent to remain there indefinitely." Frett-Smith v. Vanterpool, 511 F.3d 396, 401 (3d Cir. 2008).

the] judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion.'") (quoting In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988)). Coulter's motions for recusal of the judges on this panel have been denied by separate orders.

Finally, although we agree with the District Court that recusal was unwarranted and that dismissal for lack of subject matter jurisdiction was proper, we must modify the judgment below for a technical reason. The District Court dismissed Coulter's case "with prejudice," but, as a dismissal for lack of subject matter jurisdiction, it should have been "without prejudice." See NJ Physicians, Inc. v. President of U.S., 653 F.3d 234, 241 n.8 (3d Cir. 2011); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 182 (3d Cir. 1999). We modify the judgment accordingly. And, as modified, the judgment of the District Court will be affirmed.