NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3538
_____

ALLEN HOWELL
Appellant

v.

MILLERSVILLE UNIVERSITY OF PENNSYLVANIA;
MICHEAL HOULAHAN; PHILLIP TACKA; N. KEITH WILEY;
CHRISTY BANKS; DIANE UMBLE

_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 5-17-cv-00075)
Honorable Joseph F. Leeson, Jr., U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 5, 2018

Before:  HARDIMAN, KRAUSE, and BIBAS, *Circuit Judges*

(Opinion filed: September 6, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Allen Howell, a fifty-five-year-old tenured professor at Millersville University, appeals the District Court's grant of summary judgment in favor of the University and various faculty members on Howell's claims of disparate treatment and hostile work environment, in violation of the Age Discrimination in Employment Act of 1967 (ADEA) and the Pennsylvania Human Relations Act (PHRA), and his claim of retaliation for speech protected under the First Amendment, in violation of 42 U.S.C. § 1983. We will affirm.

## I. Background

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a), and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment *de novo*, *Fasold v. Justice*, 409 F.3d 178, 183 (3d Cir. 2005), and we will affirm if, viewing the facts in the light most favorable to Howell as the non-moving party, "there is no genuine dispute as to any material fact" and the Appellees are "entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a); *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).

### A. Howell's Claim of Disparate Treatment Age Discrimination

We apply the familiar *McDonnell Douglas* burden-shifting framework to Howell's ADEA and PHRA claims. *Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009); *Fasold*, 409 F.3d at 183-84 & n.8. Under that standard, an employee must first proffer a prima facie case of age discrimination, after which the burden shifts to the employer to

2

provide a legitimate, non-discriminatory reason for the adverse employment decision. *Smith*, 589 F.3d at 689-90. If the employer does so, the burden of production reverts to the employee to provide evidence sufficient to convince a reasonable factfinder that the employer's rationale was pretextual. *Id.* at 690. An employee retains the ultimate burden of showing that his age was a "but-for" cause of his employer's decision, not merely a "substantial" or "motivating" factor. *Id.* at 691-92; *see Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 171-72, 178, 180 (2009).

Howell predicates his claims of disparate treatment on three adverse employment actions: an "effective[] . . . demot[ion]" from the position of Director of Choral Activities, the denial of his application for promotion, and the initial (and then expanded) "Article 42/43 investigation" into his conduct in 2016.[1] Appellant's Br. at 40. In a commendably careful and thorough opinion, the District Court granted summary judgment to Appellees because it concluded that, even if Howell established a prima facie case of age discrimination, he put forward insufficient evidence to cast doubt on the University's "legitimate, non-discriminatory reason[s]," *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994), for those actions. *Howell v. Millersville Univ. of Pa.*, 283 F. Supp. 3d 309, 326-32 (E.D. Pa. 2017).

Those reasons, as the District Court determined, satisfied Appellees' burden at the second step of *McDonnell Douglas*. Howell was not assigned the full responsibilities of

---

[1] Howell also describes a second, ongoing investigation, but does not argue on appeal that this constitutes an adverse action.

Director of Choral Activities, including responsibility for the advanced choirs, because he lacked a Ph.D. in choral conducting or experience teaching auditioned choirs. He was not promoted because, even though he had accumulated sufficient years if his tenure at Edinboro University were counted, he did not meet the University's requirement of "[f]ive years at associate professor rank *at the university*," App. 775 (emphasis added), and also did not meet the standard for early promotion, i.e., "unusually high qualifications" in the areas of teaching, scholarship and service, App. 782. And he was investigated the first time because of complaints that he failed to provide adequate feedback, resulting in the loss of a host school.

Against this backdrop, Howell was then required to "submit evidence which (1) casts doubt upon the legitimate reason[s] proffered by the employer such that a fact-finder could reasonably conclude that the reason[s] w[ere] a fabrication; or (2) would allow the fact-finder to infer that discrimination was more likely than not a motivating or determinative cause of the employee's termination." *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 370 (3d Cir. 2008). He failed to do so. As the District Court meticulously reviewed each piece of evidence proffered by Howell and explained in detail why that evidence was insufficient to meet this standard, *see Howell*, 283 F. Supp. 3d at 326-32, we need not repeat that exercise here. We will, however, address some of the contentions put forward by Howell that illustrate their common deficiencies.

Concerning his "demotion," for example, Howell asserts that a doctorate in choral conducting was merely preferred and not required, but the posting explicitly identified

4

"ABD – Doctorate program leading to Doctorate in Choral Conducting" as a "Required" qualification,[2] App. 1532, and it is undisputed that the instructor who retained responsibility for the advanced choirs not only had that qualification, but also is Howell's age, *see Keller v. Orix Credit All., Inc.*, 130 F.3d 1101, 1113 (3d Cir. 1997) (en banc) (considering the age of a plaintiff's replacement in evaluating pretext). Similarly, while Howell points to three alleged statements by Appellee Tacka expressing his preference for "young" directors of choral activities and bands, it is undisputed that other faculty members, including the Department Chair, Appellee Houlahan, immediately corrected Tacka on each of those occasions, and there is no evidence, in any event, that Tacka was involved in the University's decision not to assign Howell the advanced choral groups, *see Fuentes*, 32 F.3d at 766-67.

As for the denial of his promotion, Howell contends that the University improperly refused to count his years at Edinboro University towards the requisite five years of service required for promotion in the normal course and thus improperly reviewed his application under the heightened standard for "early promotion." Appellant's Br. at 36. As the District Court aptly observed, however, Howell "offer[ed] no evidence other than his own opinion" that it was discriminatory not to count his years of service elsewhere, *Howell*, 283 F. Supp. 3d at 327-28, and the record reflects that the University consistently applied that approach to faculty from elsewhere. *See Fuentes*, 32

---

[2] "ABD," short for "all but dissertation," means that a candidate has completed all required coursework and needs only to finish a dissertation.

5

F.3d at 765. Moreover, while Howell baldly asserts that he met the rigorous criteria for early promotion, the record reflects that he did not submit the required student evaluations from five courses, he failed to document many of his qualifications, and he completed no peer-reviewed scholarship or performances at the University.[3]

Howell also failed to present evidence of pretext concerning the investigation in 2016. The fact that the collective bargaining agreement encourages the informal resolution of a concern "[w]hen appropriate," App. 1605, does not support a reasonable inference that, absent Howell's age, the University would not have commenced the investigation given the nature of the complaints it received. For example, the fact that this investigation did not result in a finding of wrongdoing or formal imposition of discipline does not cast doubt on the University's legitimate, non-discriminatory reasons for undertaking it: the "reputational damage and loss of much-needed host schools for student teachers." *Howell*, 283 F. Supp. 3d at 330. In short, because no reasonable factfinder could find pretext on this record, the District Court properly granted summary judgment on Howell's disparate treatment claim.

---

[3] Nor do the "irregularities" that he identifies in the review of his application "cast[] doubt upon the legitimate reason proffered by the [University]" or suggest "that discrimination was more likely than not a motivating or determinative cause" of the denial of his promotion. *Doe*, 527 F.3d at 370. Instead, as the District Court noted, Howell's "evidence" on this point "present[ed] variations on the same theme: that [Appellees] made the wrong decision" in not promoting him. *Howell*, 283 F. Supp. 3d at 327. But it is simply not sufficient for a plaintiff to show that the Appellees' reason for the adverse action was "wrong"; he must show "that it was so plainly wrong that it cannot have been the . . . real reason." *Keller*, 130 F.3d at 1109.

**B.     Howell's Hostile Work Environment Claim**

For largely the same reasons, we perceive no error in the District Court's entry of summary judgment on Howell's claim that he was subjected to a hostile work environment. Assuming, without deciding, that the ADEA permits hostile work environment claims, *cf. Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 440 (5th Cir. 2011), Howell needed to raise a triable issue that the University was "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (internal quotation marks omitted). Instead, as the District Court accurately summarized, Howell did "not produce[] evidence other than a handful of isolated statements by [Appellees] and the conjecture of Drs. Toney and Darmiento that any adverse treatment they suffered was because of their age," and "every single one of the[] [other] acts" he identified as evidence of discrimination "is neutral with respect to his age." *Howell*, 283 F. Supp. 3d at 332-33. That was insufficient to establish a hostile work environment based on discriminatory animus, and Appellees were therefore entitled to judgment as a matter of law. *See Caver v. City of Trenton*, 420 F.3d 243, 262-63 (3d Cir. 2005).

**C.     Howell's First Amendment Retaliation Claim**

Howell also failed to raise a genuine issue of fact on his claim that he was retaliated against for speech protected under the First Amendment. To prevail on this claim, Howell was required to show that (1) he engaged in constitutionally protected

7

speech, and (2) that speech "was a substantial or motivating factor" for the University's adverse action. *Munroe v. Cent. Bucks Sch. Dist.*, 805 F.3d 454, 466 (3d Cir. 2015). Even then, the Appellees would be entitled to summary judgment if they established the same adverse action would have been taken anyway. *Id.*

Again, Howell did not meet his prima facie burden. Because a teacher has no constitutional right to "choos[e] [his] own . . . classroom management techniques in contravention of school policy or dictates," *Edwards v. Cal. Univ. of Pa.*, 156 F.3d 488, 491 (3d Cir. 1998) (citation omitted), Howell's berating of a student in class and on a class Facebook page (functionally, a "digital extension of the classroom," *Howell*, 283 F. Supp. 3d at 339) was not protected speech. Similarly, his emails, which were sent internally and expressed "ordinary workplace grievances" about Department management, do not involve matters of public concern. *See Borough of Duryea v. Guarnieri*, 564 U.S. 379, 392 (2011); *Miller v. Clinton County*, 544 F.3d 542, 550 (3d Cir. 2008).

Finally, even if we assume that Howell's union grievance and Tumblr post, both of which essentially rehash the same complaints, touched on matters of public concern, *see Munroe*, 805 F.3d at 470, Howell did not show that this speech spurred the University to take any adverse action, *see Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267-68 (3d Cir. 2007). Howell filed the union grievance after he was effectively demoted, denied a promotion, and subjected to the first investigation, and about a year before the second investigation. Likewise, the only allegedly adverse action that

occurred after Howell's April 2017 Tumblr post was Dean Umble's request that he undergo an interim evaluation because of his deficient scholarship. But there is no evidence that Dean Umble even knew about Howell's Tumblr post, much less that it influenced her decision.

## III.  Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.[4]

---

[4] Howell also argues that the allegations of his complaint should be deemed admitted and considered sufficient to overcome summary judgment because the Appellees failed to file an answer to his complaint. But Howell waited until in limine motions after the close of summary judgment briefing to raise any argument concerning the Appellees' failure to file an answer, and, even then, he requested different relief. This argument was therefore waived. *See Garza v. Citigroup Inc.*, 881 F.3d 277, 284 (3d Cir. 2018).