**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1310
_____

ALBERT ROBINSON,
            Appellant

v.

SECTION 23, PROPERTY OWNER'S ASSOCIATION, INC.;
DAVID KEITH OAKS; DAVID KEITH OAKS, P.A.; JOHN DOE THIEF;
MICHAEL ROSS MARSH; TRISTA LENORE ZIMMERMAN;
ELIZABETH SEBASTIAN; RICHARD DALTON; ANDREW DESCHENES;
ROGER D. EATON; DANIEL ROE; BARBARA T. SCOTT;
JOHN LEO BURNS; LISA MARIE SPADER PORTER;
JAY BARRY ROSMAN; BRADLY JOSEPH LINENBERG;
KENNETH W. DOHERTY; CHARLOTTE COUNTY, FLORIDA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:18-cv-09658)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 23, 2019

Before: KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 25, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Albert Robinson filed a 100-page complaint alleging that he has discovered a long-running, global-in-reach fraud and money-laundering scheme carried out by various Florida-based lawyers, judges, and "influential decision makers elected to Charlotte County public offices." Robinson cited the foreclosure proceedings against his mother as evidence of the aforementioned scheme, and he purported to raise claims for relief under the Racketeer Influenced and Corrupt Organizations Act, federal civil rights and criminal statutes, Florida's "Civil Remedies for Criminal Practices Act," and state tort law.

Many of the defendants (collectively, "Defendants") moved to dismiss Robinson's action.[1] The District Court granted those motions, dismissing Robinson's action against several Defendants for lack of personal jurisdiction, and dismissing the action against the remaining Defendants based on improper venue. The District Court incorporated by reference much of the analysis from its opinion in a related case, i.e., the case at issue in the appeal before this Court at C.A. No. 19-1081. In addition, the District Court denied Robinson's motions for default judgment and summary judgment, granted certain defense motions to vacate entries of default, denied a sanctions motion filed by one of the Defendants, and granted the request of a third party to quash a subpoena. Finally, the

---

[1] As the District Court observed, "Defendants Elizabeth Sebastian, Barbara T. Scott, and Jay Barry Rosman have not appeared in the action because they were not served with Plaintiff's complaint." DC Op. at 7 n.7. The District Court dismissed those defendants based on Robinson's failure to timely perfect service. See Fed. R. Civ. P. 4(m). Because Robinson does not challenge that ruling in his opening brief, he has waived the opportunity to do so. See Garza v. Citigroup Inc., 881 F.3d 277, 284-85 (3d Cir. 2018).

District Court entered a within-district litigation-preclusion order regarding any claims by Robinson "concerning the money laundering and fraud scheme alleged and as set forth in the Complaint in this matter."[2] Robinson appealed.

We have jurisdiction under 28 U.S.C. § 1291. We first observe that Robinson devotes much of his opening brief to arguing issues that were not decided by the District Court, namely the separate issues of absolute immunity and the Rooker-Feldman doctrine. There is no need to address those issues any further because we are not deciding the appeal on grounds alternative to those relied on by the District Court. Indeed, the District Court's order of dismissal will be affirmed on those very grounds. Moreover, Robinson's arguments on appeal, insofar as they pertain to the District Court's actual rulings, are lacking in merit and we reject them for substantially the reasons given in our Opinion for Robinson's related appeal, see C.A. No. 19-1081, which reasons we incorporate here by reference. As we are affirming the District Court's order, Robinson's pending motions all are denied.[3]

---

[2] Robinson does not challenge the litigation-preclusion order in his opening brief, so he has waived his opportunity to do so. See id.

[3] Notably, we find no merit in Robinson's objections on appeal to certain Defendants' notices under Fed. R. App. P. 28(i). See, e.g., In re Target Corp. Customer Data Sec. Breach Litig., 855 F.3d 913, 915 (8th Cir. 2017).