**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2891
_____

MARILYNN ENGLISH,
                                        Appellant

v.

BRIAN T. MOYNIHAN, individually;
BANK OF AMERICA CORP.; KEVIN CLAY; DEAN MEYER;
FEDERAL HOME LOAN MORTGAGE CORPORATION;
ATTORNEY SONYA CHAZIN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:19-cv-09181)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 21, 2020

Before: JORDAN, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed:  May 4, 2020)

_____

---

OPINION[*]

---

PER CURIAM

Marilynn English, proceeding pro se, appeals an order of the U.S. District Court for the District of New Jersey dismissing her complaint. We will affirm the judgment of the District Court.

English filed a complaint against Bank of America Corporation; its chairman and chief executive officer, Brian Moynihan; the Federal Home Loan Mortgage Corporation (Freddie Mac); Freddie Mac employees Kevin Clay and Dean Meyer; and Freddie Mac's counsel, Sonya Chazin. Although the complaint is unclear, English's claims stem from a 2002 mortgage, which she refinanced in 2003.

English's complaint asserts four causes of action. She claims fraud and forgery based on her receipt of two versions of a 2003 note and two notices of discharge related to a 2003 mortgage. She also claims fraudulent concealment based on the defendants' alleged failure to give her the names of the entities that funded the 2002 and 2003 loans and concealment of the details of the sale of the 2002 loan. In addition, English claims violations of the Real Estate Settlement Procedures Act of 1974, Pub. L. No. 93-533, 88 Stat. 1724 (codified as amended at 12 U.S.C. §§ 2601–2617), and the Truth in Lending Act, Pub. L. No. 90-321, 82 Stat. 146 (1968) (codified as amended at 15 U.S.C. §§ 1601–1693r), based on

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

allegations that the note was sold to an unknown investor and never refinanced, that the mortgage was illegally discharged, and that the entity that possessed the 2002 note was not disclosed. Finally, English claims fraud on the court by Chazin.

The District Court granted the defendants' motions to dismiss the complaint, which raised, among other things, the doctrines of res judicata and/or collateral estoppel. In concluding that English's claims are barred under these doctrines, the District Court explained that English had filed a state-court action in 2013 against the Federal National Mortgage Association (Fannie Mae), Freddie Mac, and Bank of America, N.A., seeking to quiet title to her home based on fraud. The action was removed to federal district court and dismissed in 2017 for failure to state a claim for relief against Freddie Mac, failure to state a claim for fraud, and for lack of standing as to claims based on the assignment of the mortgage.[1] The District Court here found that English's allegations that the defendants acted fraudulently with regard to her loan and note were the same as those raised in her 2013 lawsuit. This appeal followed.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006).

English argues in her brief that U.S. District Judge Claire Cecchi, who adjudicated English's 2013 action, did not allow discovery and violated her due process rights. English also

---

[1] We previously affirmed the District Court's denial of English's second motion for reconsideration in that case. See English v. Fed. Nat'l Mortg. Ass'n (Fannie Mae), 752 F. App'x 148, 150 (3d Cir. 2019) (per curiam).

[2] The District Court also denied English's motion for reconsideration. English did not appeal this ruling and it is therefore not before us. See Fed. R. App. P. 4(a)(4)(B)(ii).

3

challenges Judge Cecchi's decision on the merits. We do not consider these arguments as English was required to raise them in an appeal from the judgment in her prior action.

English also argues that the District Court here did not allow discovery and denied her due process. English, however, does not point to a ruling in this regard or show that there should have been discovery before adjudication of the defendants' motions to dismiss, which were based on public records of her judicial proceedings and the allegations in her complaint. See Jean Alexander Cosmetics, 458 F.3d at 256 n.5 (upholding dismissal under collateral estoppel doctrine based on public records).

English reiterates allegations in her complaint on appeal, but the merits of her claims are not before us in light of the District Court's ruling that they are barred by res judicata and/or collateral estoppel. English has not challenged that case-dispositive ruling. She asserts that the District Court did not address the issues she raised or the alleged fraud, but she does not contend that res judicata and collateral estoppel do not bar her claims. We thus do not consider her merits-based arguments. See In re Asbestos Prods. Liab. Litig. (No. VI), 873 F.3d 232, 237 (3d Cir. 2017) (an argument not raised in an opening brief is waived), aff'd on other grounds sub nom. Air & Liquid Sys. Corp. v. DeVries, 139 S. Ct. 986 (2019).[3]

To the extent English discusses other arguments made by the defendants in support of their motions to dismiss, the District Court did not reach them and it is unnecessary to

---

[3] Even if we were to liberally construe a statement in English's reply brief that a discharge notice she received in 2019 was not previously litigated as addressing the District Court's ruling, see Jan. 23, 2020 Reply Br. 10 (C.A. Dkt. No. 45), raising an issue in a reply brief is too late. Garza v. Citigroup Inc., 881 F.3d 277, 284 (3d Cir. 2018).

address them. To the extent English disputes the District Court's denial of her postjudgment motion to disqualify the District Judge, she did not appeal that order.

Accordingly, we will affirm the judgment of the District Court.[4]

---

[4] English's motion to file a supplemental appendix is denied as unnecessary. The certification she seeks to file is a public record that is available to the Court.