**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1662
_____

CALVIN CAMPS,
                                        Appellant

v.

LOUIS GIORLA, COMMISSIONER OF PHILADELPHIA PRISON SYSTEM; JOHN
DELANEY, WARDEN OF CURRAN-FROMHOLD CORRECTIONAL FACILITY;
CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-01498)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 2020
Before:  KRAUSE, MATEY, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 4, 2021)
_____

OPINION[*]
_____

PER CURIAM

     Calvin Camps appeals the District Court's grant of summary judgment in his civil

rights action challenging the conditions of his confinement while he was a pretrial

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

detainee. For the following reasons, we will affirm.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. On March 12, 2014, Camps filed a complaint pursuant to 42 U.S.C. § 1983 while housed as a pretrial detainee at the Curran-Fromhold Correctional Facility ("CFCF"). In that complaint, Camps named Michael Nutter, then the Mayor of the City of Philadelphia, Louis Giorla, the Commissioner of the City of Philadelphia Prison System, and John Delany, Warden of CFCF, as defendants. After his first complaint was dismissed, Camps filed an amended complaint on February 11, 2016, adding the City of Philadelphia as a defendant and elaborating on the named defendants' deliberate indifference to his constitutional rights.[1] Specifically, Camps alleged that he was forced to "triple cell" with two other men while at CFCF, and that one of the three persons in his cell designed to house two men had to sleep in a "boat" (a plastic tray that is used as a makeshift bed) close to a toilet. Camps also generally averred that the conditions in the cells deprived him of life's basic necessities, that he was subject to unsanitary conditions, and that insect and rodents sometimes entered his prison cells, all of which caused him harm.

On March 14, 2019, after protracted proceedings, the District Court granted summary judgment in favor of the defendants. The District Court found that Camps had provided no evidence that supported his claims, and held that no reasonable juror could

---

[1] The amended complaint did not name former mayor Michael Nutter, and he is not a party to this appeal.

find the conditions of his confinement rose to the level of constitutional harm. Because there was no underlying constitutional violation, the District Court reasoned that the claims against Giorla, Delaney, and the City of Philadelphia all failed under § 1983. Camps timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the District Court's grant of summary judgment de novo." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288 (3d Cir. 2018). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006). Summary judgment must be granted against a party who fails to make a sufficient showing on an essential element of that party's case, if that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

"To prevail on a § 1983 claim, a plaintiff must show that a person (or persons), acting under color of law, deprived him of a constitutional right." Thomas v. Tice, 948 F.3d 133, 138 (3d Cir. 2020). As Camps was a pretrial detainee, we analyze his § 1983 claims challenging the conditions of his confinement under the Due Process Clause of the Fourteenth Amendment. Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008). Under the Due Process Clause, a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. (quoting Bell v. Wolfish, 441 U.S.

3

520, 535 (1979)).  Thus, a court must determine whether the conditions complained of were imposed for the purpose of punishment or whether it is merely incidental to a legitimate governmental objective.  Id. at 232.

Here, the only evidence Camps produced was that of his triple celling confinement.[2]  However, Camps failed to provide evidence that his triple celling was imposed for the purpose of punishment.  To the contrary, Camps's own deposition testimony established that CFCF was overcrowded, and that "[e]very inmate that came in [to CFCF] when there [were] no beds available was forced to sleep in a boat."  Camps Dep. 13: 13-16, ECF No. 66-1.  Thus, the triple celling was an attempt to manage overcrowding at CFCF, which we have held to be reasonably related to a legitimate governmental interest.  See Hubbard, 538 F.3d at 232–36 (holding that triple celling pretrial detainees for three to seven months did not violate the Due Process Clause of the Fourteenth Amendment); see also Bell, 441 U.S. at 539 ("[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'").  Because Camps failed to produce evidence to show that triple celling was punitive or that it was not reasonably related to a legitimate governmental interest, the District Court correctly concluded that no reasonable juror could find the conditions of confinement unconstitutional.  As a violation of a constitutional right is an essential element for § 1983 claims—and is an

---

[2] As to the alleged unsanitary conditions, we agree without further elaboration with the District Court that Camps failed to produce evidence to support any of those claims.

element which Camps would bear the burden of proof at trial—the District Court was correct in granting summary judgment in favor of Giorla, Delaney, and the City of Philadelphia.  See Celotex Corp., 477 U.S. at 322–23; see also Thomas, 948 F.3d at 138; Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) (noting "in order for municipal liability to exist, there must still be a violation of the plaintiff's constitutional rights").

Moreover, as the District Court noted, Camps also failed to produce evidence that Giorla or Delaney was personally involved, or that there was a policy or custom attributable to the City of Philadelphia that caused a constitutional violation.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207–08 (3d Cir. 1988) (noting a defendant in a § 1983 action must have personal involvement in the alleged wrongs); Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) ("A municipality is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation.").  Thus, summary judgment was proper.[3]

Accordingly, for the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] On appeal, Camps levels new accusations at Appellees' attorneys regarding the withholding of cellmates' names and denying discovery requests.  To the extent Camps is referencing the denial of his premature motion to compel discovery, that motion was denied without prejudice and Camps never refiled the motion.  See Order, ECF No. 43. Indeed, as Appellees argue, because these issues were not raised before the District Court, they are unpreserved for appellate review.  See Garza v. Citigroup Inc., 881 F.3d 277, 284 (3d Cir. 2018).  Moreover, Camps does not describe on appeal how further discovery would compel a different outcome.