NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1358
_____

ABDUL A. JALUDI,

Appellant

v.

CITIGROUP, and company or one or more of
its direct or indirect subsidiaries

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 3:15-cv-02076)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 6, 2024
Before: KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed: January 24, 2025)

_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Abdul Jaludi, proceeding pro se, appeals an order of the District Court denying his motion for post-judgment relief in his action against his former employer. For the reasons that follow, we will affirm.

Jaludi filed a lawsuit against Citigroup raising claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"), and the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A. Jaludi alleged that Citgroup fired him in retaliation for his reporting improprieties in its internal complaint monitoring system. The District Court granted Citicorp's motion to compel arbitration and dismissed the action. On appeal, we affirmed the judgment as to the RICO claim but held that the District Court had erred in compelling arbitration of the Sarbanes-Oxley claim. Jaludi v. Citigroup, 933 F.3d 246, 251, 257 (3d Cir. 2019). On remand, the District Court granted Citigroup's motion to dismiss the Sarbanes-Oxley claim. We affirmed. Jaludi v. Citigroup & Co., 57 F.4th 148, 150 (3d Cir. 2023).

Seven months later, Jaludi filed a motion to return his RICO claim to the District Court. He argued that Citigroup had waived its right to arbitration by not initiating arbitration proceedings within 30 days of our decision in 2023. The District Court adopted the Magistrate Judge's report and recommendation to deny relief. It construed Jaludi's filing as a motion pursuant to Federal Rule of Civil Procedure 60(b) and ruled that the motion was untimely and without merit.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of relief under Rule 60(b) for abuse of discretion. Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014).

Jaludi asserts on appeal that the District Court failed to decide his appeal of a Magistrate Judge's order striking his motion for summary judgment on the merits of his claims. He seeks a ruling on that motion. Jaludi filed a summary judgment motion after Citigroup moved to compel arbitration. In 2016, the Magistrate Judge struck the filing without prejudice as premature. The District Court overruled Jaludi's objection to that order when it granted Citigroup's motion to compel arbitration and dismissed his action.[1] When the case was remanded in 2019 to adjudicate Jaludi's Sarbanes-Oxley claim, he renewed his objection. Jaludi contends his filings in this regard were not addressed.

Jaludi's argument is not properly before us. Our jurisdiction is limited to the review of the denial of his motion for post-judgment relief. Jaludi's sole argument was that the District Court should adjudicate his RICO claim because Citigroup had waived arbitration. He did not contend that the District Court failed to address his objection to (or appeal of) the Magistrate Judge's order. We thus do not consider this argument. See Garza v. Citigroup Inc., 881 F.3d 277, 284 (3d Cir. 2018) (noting that arguments not presented to the District Court may not be raised on appeal).

---

[1] Jaludi also appealed the Magistrate Judge's order to this Court, and we dismissed his appeal for lack of jurisdiction. See C.A. No. 16-3167, 10/5/16 Order.

3

Jaludi also challenges the District Court's denial of his Rule 60(b) motion on the merits. The District Court rejected Jaludi's contention that Citigroup had waived arbitration. It stated that he was required to pursue his RICO claim in arbitration and that he never sent Citigroup a written demand for arbitration, which would have triggered Citigroup's obligations under their agreement. Jaludi argues that, under Pennsylvania law, he demanded arbitration through the filing of his lawsuit. He also contends that Citigroup misled the courts by failing to submit the parties' most current arbitration agreement.

Jaludi, however, also did not raise these arguments in his post-judgment motion. And even if they were properly before us, he does not challenge the District Court's ruling that his motion was untimely under Rule 60(c)(1). This was an independent basis for denying relief, and "[t]he failure to challenge an independent basis for a district court's decision is fatal to an appeal." LabMD Inc. v. Boback, 47 F.4th 164, 191 (3d Cir. 2022).

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2] Jaludi's motion to reject Citigroup's brief and supplemental appendix is denied.