**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2368
_____

AFOLUSO ADESANYA

v.

NOVARTIS PHARMACEUTICALS CORP

Afoluso Adesanya, *Adenekan Adesanya,
Appellants

*(Pursuant to Rule 12(a), Fed. R. App. P)
_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-05564)
District Judge:  Honorable Susan D. Wigenton

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
March 12, 2018
Before:  GREENAWAY, JR., BIBAS and ROTH, Circuit Judges

(Opinion filed: October 11, 2018)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Afoluso Adesanya ("Adesanya") and her husband, Adenekan ("Adenekan"),[1] appeal the District Court's order dismissing Adesanya's claims as a sanction, granting Appellee summary judgment on its counterclaims against Adesanya, and sanctioning Adenekan. For the reasons below, we will affirm the District Court's order.

The procedural history of this case and the details of Appellants' claims are well known to the parties, set forth in the District Court's August 15, 2016 opinion, and need not be discussed at length. Briefly, Adesanya was hired by Appellee in March 2010. During the application process, she misrepresented her employment history by inflating her salary, creating phony supervisors, and misstating her prior work experience. During her employment with Appellee, she violated her employee agreement by holding other employment which conflicted with her work for Appellee. She also failed to relocate after accepting funds to do so. She was eventually terminated in September 2013 after failing to come into the office three days a week as required.

Adesanya filed a counseled[2] complaint alleging employment discrimination, and Appellee filed counterclaims based on the above-described behavior it discovered after her termination. During discovery, Adesanya failed to turn over evidence and gave false responses to interrogatories and false deposition testimony. Her husband, Adenekan, failed to provide documents requested by subpoena, refused court orders to do so, and

---

[1] For clarity, we will hereinafter refer to Adenekan Adesanya as "Adenekan." No disrespect is intended by use of his first name.
[2] Counsel withdrew during the discovery process due to "ethical concerns."

gave false testimony.  Both were extremely evasive during their depositions and refused to answer questions or claimed a lack of recall.

Frustrated by their obstructive behavior, Appellee filed a motion for sanctions and for summary judgment on its counterclaims.  The District Court granted Appellee's motion for sanctions and dismissed Adesanya's claims as a sanction.  It also granted Appellee's motion for sanctions against Adenekan for refusing to turn over documents, giving false testimony at his deposition, and submitting false certifications.  The District Court granted summary judgment for Appellee on its counterclaims against Adesanya in the amount of over $1.3 million.  It also granted Appellee's motion for fees and costs in the amount of $457K against Adesanya and $23K against Adenekan.  Adesanya and Adenekan filed a pro se notice of appeal.  We have jurisdiction under 28 U.S.C. § 1291.

Dismissal of Adesanya's claims

In response to the District Court's dismissal of her claims as a sanction, Adesanya argues that an employer is still liable for discrimination despite later-discovered evidence of misdeeds that would have supported the employee's termination.  See McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 359-60 (1995).  However, while the evidence of Adesanya's later-discovered misdeeds was the basis for Appellee's counterclaims, it was not the basis of the dismissal of Adesanya's complaint.  Rather, the District Court dismissed her claims based on her misdeeds during the litigation process: her false testimony at her deposition, false responses to discovery requests, and refusal to turn over documents.

3

Notably, in her opening brief, Adesanya does not dispute the District Court's descriptions of her behavior during the litigation, challenge its authority to dismiss her claims as a sanction, or criticize its analysis in dismissing her claims as a sanction.[3] If, as here, a party fails to raise an issue in her opening brief, the issue is waived. A passing reference is not sufficient to raise an issue. Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994). And raising an issue in a reply brief is insufficient to preserve it for review. Garza v. Citigroup Inc., 881 F.3d 277, 284-85 (3d Cir. 2018); see also Gambino v. Morris, 134 F.3d 156, 161 n.10 (3d Cir. 1998) (refusing to consider arguments raised in pro se reply brief).[4]

Adesanya challenges the District Court's denial of her request to amend her complaint to add claims arising under Title VII as well as claims of retaliation. In its August 15, 2016 opinion, the District Court noted that in her brief in opposition to Appellee's motions in the District Court, Adesanya had requested to amend her

---

[3] We agree with the District Court's conclusion that dismissal as a sanction was an appropriate remedy for Adesanya's unacceptable behavior.

[4] In her reply brief, Adesanya argues that she should not have been sanctioned because she was represented by an attorney during most of the litigation. However, it was she, and not her attorney, who refused to turn over documents and gave false testimony at her deposition. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (listing six factors to be considered before dismissing claims as a sanction, including the extent of the party's personal responsibility).

4

complaint.  The District Court denied this request, observing that there was no formal motion to amend and the time to amend had long passed.[5]

Even if Adesanya had properly requested to amend her complaint, justice did not require the District Court to give her leave to amend after three years of litigation and her abuses of the discovery process.  See Fed. R. Civ. P. 15(a)(2) (after time to amend has expired, party may amend with consent of opposing party or leave of court, which should be given when justice requires).  The District Court did not abuse its discretion by not allowing Adesanya to amend her complaint.  Moreover, as noted above, Adesanya does not challenge the District Court's dismissal of her claims as a sanction.  Thus, even if she had amended her complaint to add additional claims, those claims would have been subject to dismissal as well.

---

[5] Adesanya argues that the District Court erred in stating that there was no motion to amend.  She cites to two District Court pleadings included in her appendix with highlighted portions.  At the end of a six-page single-spaced pleading entitled "Certification to Oppose Motion to Compel Discovery, for Sanctions, for Cross Motion to Quash Subpoena and Protective Order" (docket entry 97) under the heading "Motion for Sanctions," she stated "I respectfully request that [Dr. Riva] be added as additional defendant and held liable in this case."  At the end of her four-page single-spaced "Brief in support of Agenda Items," she requested the District Court to "allow to hold [sic] both Drs. Riva and Annick Krebs liable in this case." (docket entry 102).  Even with the liberal construction of pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), neither pleading contained a sufficient motion to amend the complaint.  See United States ex rel. Petratos v. Genentech Inc., 855 F.3d 481, 493-94 (3d Cir. 2017) (denial of cursory request to amend complaint within brief in opposition to motion to dismiss not an abuse of discretion).

Discovery

Appellants allege that the District Court had ex parte communications with Appellee. To support this contention, they refer to a transcript of a hearing at which this communication was discussed:

> [Appellee's counsel]: [D]uring this period of time when there were so many filings, we went to the Magistrate and we said: We don't even know what we're suppose to [sic] respond to at this point, there's so many things. Can we set up a mechanism whereby if the Court wants us to respond to something they can tell us. Because literally we were getting an informal request everyday [sic]. So in response to that, the Magistrate said: Yes. What we will do is, we will set up a mechanism where I will issue a text order so that if you have to respond to something, that will be part of a text order.

Tr. 1/7/16 at 17. The Magistrate Judge and Appellee's counsel were simply seeking a way to manage the numerous pro se discovery requests Appellants had filed. A judge may permit ex parte communication for scheduling or administrative purposes if the communication does not address substantive matters and no party would gain an advantage. Code of Conduct for U.S. Judges Canon 3 § (A)(4)(b); see In re Sch. Asbestos Litig., 977 F.2d 764, 789 (3d Cir. 1992) ("[Ex parte communications] are tolerated of necessity, however, where related to non-merits issues, for administrative matters, and in emergency circumstances.")

Appellants claim that this communication gave Appellee a "tactical advantage" because its discovery motions were acted on more quickly by the District Court. They point to docket entries 93 and 128 to support this argument. However, in docket entry 93, a letter from Adesanya to the District Court, she merely makes vague allegations of

fraud and obstruction by Appellee and its attorneys.  In docket entry 128, the District Court *granted* Adesanya's motion for the Court to review Appellee's privilege log and ordered Appellee to file a supplemental certification regarding its work product log.  Appellants have not shown that they were prejudiced by any alleged ex parte communications.

Adesanya also takes issue with the time allowed for depositions of Appellee's employees.  She notes that Fed. R. Civ. P. 30(d)(1) allows for depositions of one day of 7 hours.  She appears to believe that because the deponents were deposed for less than 7 hours by her former counsel, they could be called back for more questioning by Adesanya acting pro se.  However, Rule 30(d)(1) allows for one day of questioning, not 7 hours over multiple days.  She vaguely contends that this prevented her from obtaining unspecified critical evidence and testimony.  This argument is without merit.

Appellants also complain that they were ordered to comply with multiple depositions.  This is because Appellants obstructed their depositions by refusing to turn over discovery, refusing to answer questions, and providing false answers.  Rule 30(d) provides that the District Court may allow additional time if the deponent impedes the deposition.

Judgment on Appellee's counterclaims

Adesanya argues that the District Court erred in granting Appellee's motion for summary judgment on its counterclaims.  In her opening brief, she contends that the District Court rewrote "policies, job descriptions, pay grades" and provided "other

provisions not part of initial agreements between [Adesanya] and [Appellee]." However, she does not specify which claims she is referring to or which parts of the agreements were rewritten. Likewise, she vaguely argues, without citation to cases in support, that the granting of fees to Appellee conflicts with this Court's caselaw as well as precedent from the Supreme Court.

During her employment with Appellee, Adesanya earned approximately $500K by working for another pharmaceutical company, Astellas. The District Court concluded that this was in violation of her employee agreement with Appellee. She was paid this money through a corporate entity, DansetH LLC d/b/a Ron Nuga LLC ("Ron Nuga"). In calculating the damages Adesanya owed Appellee for breaching her duty of loyalty, the District Court included the money she earned working for Astellas. In her opening brief, Adesanya does not challenge the District Court's conclusion that she breached a duty of loyalty, or its decision to award her earnings as a remedy. Rather, she argues that the District Court did not have jurisdiction to order Ron Nuga to disgorge the funds. However, the District Court did not order Ron Nuga to pay. In its opinion, it stated that "*Plaintiff* is therefore disgorged of $497,907.56 in profits she obtained from Biomedical/Auxilium and Astellas, which shall be payable to Novartis."

Sanctions Against Adenekan

Adenekan argues that the sanctions against him were inappropriate because the subpoenas he refused to honor should have been directed towards the corporations for which he was a statutory officer and not towards him in his personal capacity. However,

8

he does not explain how this would excuse his refusal to turn over the documents or be grounds for vacating the sanctions against him for disobeying court orders and for giving false testimony. Adenekan is correct when he states that a non-attorney cannot represent another party. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (non-lawyer parent cannot represent interests of children). When a party is a corporation, partnership, or other organization or association, that party may appear and be represented only by a licensed attorney. See Simbraw v. United States, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam); see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993). However, the subpoenas at issue did not require any legal representation of the corporate entities; the subpoenas required only that Adenekan turn over the requested documents that were in his custody.

For the above reasons, we will affirm the District Court's judgment. Appellee's motion to seal the supplemental appendix is granted. See Publicker Indus. Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984) (party seeking closure must show material is type that courts protect and there is good cause for sealing). Appellants' request to deny Appellee costs for the supplemental appendix is denied.