**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2691
_____

GREGORY G. STAGLIANO,
                                        Appellant

v.

JUDGE MICHAEL COLL; JUDGE JAMES BRADLEY;
COUNTY OF DELAWARE; DELAWARE COUNTY BOARD OF JUDGES;
GEO, INC.; COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF
HEALTH & HUMAN SERVICES; TERESA D. MILLER, Secretary of the PA DHS;
JESSICA KEITH; PATRICK J. MARANO, Esquire; COMMONWEALTH OF
PENNSYLVANIA; MICHELLE DEERY; KATAYOUN COPELAND, Esquire;
JUDGE JOHN WHELAN; MARY MANN, Esquire; WILLIAM JUDGE, Esquire;
JOHN DOES 1 THROUGH 5
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:21-cv-04936)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on June 7, 2023

Before: SHWARTZ, BIBAS, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: June 12, 2023)

———————

OPINION[*]

———————

PER CURIAM

The District Court dismissed the pro se complaint filed by Gregory Stagliano, who now appeals the judgment. We have jurisdiction under 28 U.S.C. § 1291 and will affirm.

I.

A.

Stagliano alleged in his complaint that he has been an attorney for over thirty years.[1] In 2010, he became afflicted with reflex sympathetic dystrophy (RSD), a syndrome marked by extreme pain. Stagliano was not diagnosed with RSD until years later; in the interim he was treated with prescription narcotics and other medications.

In 2016, Stagliano was the subject of a disciplinary complaint detailing trust-account "irregularities" and "delayed" distributions of clients' settlement funds. Stagliano responded with a certification asserting that he is disabled and lacked any "memory of the preceding several years," as a result of his medications. The disciplinary complaint was resolved with an order transferring Stagliano's licensure status to inactive and freezing

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Normally, filings by pro se litigants benefit from liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). But "[t]he rationale of Haines . . . may not apply to a complaint prepared by someone with substantial legal training[.]" Allen v. Aytch, 535 F.2d 817, 821 n.21 (3d Cir. 1976).

his financial accounts holding fiduciary funds.[2] Stagliano, through counsel, requested that a conservator be appointed to wind up his practice, but that request was rejected.

Stagliano's troubles did not end there. Another disciplinary complaint—this one accusing him of the unauthorized practice of law—followed. He was also made to defend against criminal charges in the Delaware County Court of Common Pleas. In that case, Stagliano was initially found incompetent to stand trial, but was later deemed competent to proceed.[3] Stagliano has repeatedly asked to be re-found incompetent, to no avail.

B.

Stagliano's complaint challenged the actions of persons and entities related to the criminal case brought by defendant Commonwealth of Pennsylvania. He claimed that defendant Judge Michael Coll made critical statements about Stagliano while the case was in defendant Delaware County's (the County's) Mental Health Court, and "ordered him illegally confined." He also claimed that defendant Judge James Bradley improperly denied a request for a competency hearing after the matter was returned to criminal court.

Stagliano additionally claimed that, among other things: the George W. Hill Correctional Facility—operated by defendant The GEO Group, Inc. (GEO), through a contract with the County—has deficient library materials, food, and media offerings; defendant Delaware County Board of Judges (the Board) "conspired to deprive [Stagliano] of a fair

---

[2] The order is a matter of public record, so we may take judicial notice of its contents. See Geness v. Admin. Office of Pa. Cts., 974 F.3d 263, 276 (3d Cir. 2020).

[3] Per the state court docket, the order declaring Stagliano incompetent was entered in 2019; his allegation that it was entered in "2016" appears to be typographic error.

trial"; defendants William Judge, Mary Mann, and John Whelan (former prosecutors in the County) and their investigator defendant Michelle Deery illegally conspired to have Stagliano's case assigned to Judge Coll; former top county prosecutor, defendant Katayoun Copeland, "had the ability to put an end to this horrible affair but she failed and refused to do so"; and multiple defendants have stifled Stagliano's ability to be admitted to Norristown State Hospital, including the hospital's executive director (Jessica Keith) and counsel (Patrick Marano), and defendant Teresa Miller, then head of defendant Pennsylvania Department of Human Services (DHS).

## C.

Stagliano's complaint was met with motions to dismiss under Federal Rule of Civil Procedure 12(b). Addressing those motions in a comprehensive opinion, the District Court first determined that defendants Copeland, Mann, Judge, Whelan, and Deery (the Prosecutorial Defendants)—all of whom were employed by the Delaware County District Attorney's Office during the relevant time periods—were entitled to absolute immunity. The District Court cited two alternative bases for dismissal: qualified prosecutorial immunity, and abstention under Younger v. Harris, 401 U.S. 37 (1971).

The District Court next determined that DHS and DHS employees Miller, Keith, and Marano were entitled to Eleventh Amendment immunity. According to the District Court, Stagliano did not seek prospective relief from those parties and could not, as a result, take advantage of the exception to such immunity under Ex parte Young, 209 U.S. 123 (1908). The District Court noted that, even if Stagliano had intended to sue Keith and Marano in their individual, rather than their Eleventh-Amendment-protected official,

4

capacities the result would not change: Stagliano had failed to adequately plead that Keith or Marano was personally involved in constitutional wrongdoing.

The District Court next determined that Judges Coll and Bradley were entitled to absolute judicial immunity, regardless of whether damages or injunctive relief was sought. The District Court reasoned that Stagliano did not adequately plead that the judges had acted in the absence of jurisdiction. So even though he contended "that Judges Coll and Bradley made improper rulings, judicial immunity applies."

The District Court then turned to Stagliano's claims against the County, GEO, and the Board. The District Court determined that Stagliano had failed to adequately plead a basis for municipal liability under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978), including with respect to GEO, which "was a private company performing a municipal function by operating the correctional facility." But the District Court did not dismiss all Monell claims with prejudice; it offered Stagliano leave to amend claims against Geo and the County, regarding alleged deprivations of adequate medical care and a fair trial. Accordingly, the District Court entered an order on April 5, 2022, granting the defendants' motions and dismissing the complaint in part with, and in part without, prejudice.[4] The District Court instructed Stagliano that any amended pleading was to be filed by April 25, 2022.

Instead of filing an amended complaint by the deadline, Stagliano filed a motion for reconsideration, which the District Court denied. Stagliano then filed an amended

---

[4] The District Court dismissed, for failure to timely effect service under Federal Rule of Civil Procedure 4(m), Stagliano's suit against the Commonwealth.

complaint on June 15, 2022, which re-raised claims that had been dismissed with prejudice and attempted to raise new claims (e.g., claims under the Americans With Disabilities Act). The District Court described the new filing as violative of its April 5, 2022 order and, after weighing the factors governing involuntary dismissal, as outlined in Poulis v. State Farm Fire & Casualty, 747 F.2d 863, 868 (3d Cir 1984), opted to dismiss with prejudice what remained of Stagliano's case. The District Court did so by order entered on August 12, 2022. This timely appeal followed.

## II.

Orders granting motions under Rule 12(b)(6) are reviewed de novo, and we "may affirm [them] on any ground supported by the record." Wilson v. USI Ins. Serv. LLC, 57 F.4th 131, 140 (3d Cir. 2023). Orders effecting an involuntarily dismissal under Poulis are reviewed for abuse of discretion. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

## III.

Much of Stagliano's opening brief is editorial, straying from the four corners of his complaint, and detached from the specific rulings of the District Court. Notably, Stagliano does not challenge the District Court's dismissal of the case against the Commonwealth. He also does not challenge in his opening brief the District Court's assessment of the Poulis factors and its related dismissal of the case based on non-compliance with a court order. Stagliano has thus forfeited those issues. See Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 202–03 (3d Cir. 2004); see also Garza v. Citigroup Inc., 881 F.3d 277, 284 (3d Cir. 2018) ("Raising an issue in a reply brief is too late, for '[a]s a general matter, an

6

appellant waives an argument in support of reversal if it is not raised in the opening brief.'') (citation omitted).

The issues Stagliano does raise in his opening brief are without merit.[5] To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim "that is plausible on its face" by including facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

In its opinion accompanying the April 5, 2022 order, the District Court correctly determined that there were various incurable defects in Stagliano's complaint.[6] In particular, Stagliano's allegations did not reveal (1) a plausible, coherent theory of Monell liability against GEO or the County; (2) actions by the Prosecutorial Defendants that plausibly were *not* "intimately associated with the judicial phase of the criminal process," Imbler v. Pachtman, 424 U.S. 409, 430 (1976), and could thus survive an immunity defense; or (3) actions by Judges Coll or Bradley that plausibly were taken in the "clear absence of all jurisdiction," Stump v. Sparkman, 435 U.S. 349, 357 1978), such that they would not be entitled to absolute judicial immunity.[7]

---

[5] Stagliano implores the Court to recognize his alleged membership in the J.H. v. Dallas, DC Civ. No. 1:15-cv-02057 (M.D. Pa.), settlement class, as he was once deemed incompetent to stand trial and delayed admission to a psychiatric hospital. Even assuming, arguendo, that Judge Coll's initial competency determination could somehow *never* be reconsidered by the courts, and that Stagliano has live rights under the settlement in J.H., he has pursued this angle in the wrong forum, at the very least.

[6] To a degree, Stagliano concedes that his complaint was vulnerable to dismissal. See Br. at 27 ("Appellant fully realizes that this set of facts is well nigh unbelievable . . .").

[7] Even if the District Court mis-assessed the applicability of Ex parte Young, Stagliano did not plead a plausible basis for injunctive relief against DHS and its employees.

Stagliano's arguments regarding <u>Younger</u> abstention, moreover, are unavailing. His complaint sought an order from the District Court enjoining his "continued prosecution . . . until discovery can be conducted in this matter and a further hearing held regarding whether the charges should be dismissed entirely." On appeal, Stagliano reinforces what he made plain in his complaint: That he filed a civil case in federal court primarily as a means of collaterally attacking the pending criminal case in state court. <u>See, e.g.</u> Br. at 10 (arguing that "the Supreme Court of Pennsylvania remains the only proper state court for purposes of revisiting their order of Incompetency to Stand trial.") (emphasis removed); <u>id.</u> at 18-19 (disputing the dollar amount of settlement funds Stagliano is charged with misappropriating); <u>id.</u> at 19 (claiming a speedy-trial violation and arguing that "the case has been languishing far too long and should be dismissed[.]"); <u>id.</u> at 24 ("So although an injunction halting the underlying criminal matter would interfere with an existing state court case it is called for under these extraordinary facts."); <u>id.</u> at 27 ("[T]here are many instances set forth in this lawsuit that address the underlying issue of guilt or innocence. * * * Appellant has committed no crime.").

It was thus appropriate for the District Court to consider the doctrine of <u>Younger</u> abstention as an alternative basis for dismissal of certain of Stagliano's claims. A district court may abstain under <u>Younger</u> when a state prosecution is pending at the time a federal case is filed. <u>See</u> <u>PDX N., Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev.</u>, 978 F.3d 871, 882 (3d Cir. 2020). "In *Middlesex*, the Supreme Court announced three factors for courts to consider when determining whether *Younger* abstention is appropriate: (1) whether there is an ongoing judicial proceeding, (2) whether an important state interest is

8

implicated in the state proceeding, and (3) whether the state proceedings provide an adequate opportunity to present constitutional arguments." Id. at 879 n.3 (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The District Court determined that all three Middlesex factors would support abstention and we agree, for substantially the reasons in its opinion. Notably, Stagliano did not, as he suggests, see Br. at 26, plausibly plead that the state proceedings (1) "are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist[.]" Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).

For all of those reasons, Stagliano has not presented a viable challenge to the District Court's April 5, 2022 order. And because he does not properly challenge the rationale of the August 12, 2022 order at all, the judgment of the District Court will be affirmed. Stagliano's emergency motion to stay his state criminal proceedings "until further order of this court" is denied.